IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Hallman, II,       )<br>                              )<br>          Movant,       )<br>                              )<br>vs.                            )<br>                              )<br>United States of America,  )<br>                              )<br>          Respondent.    )<br>_____) | Cr. No. 5:03-965<br><br>**ORDER AND OPINION** |

Movant Richard Hallman, II is a federal inmate currently housed at FMC-Butner in Butner, North Carolina. On November 12, 2013, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. This matter is before the court on motion to dismiss filed by Respondent United States of America (the "government") on November 14, 2013. By order filed November 15, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition on January 23, 2014.

I. FACTS AND PROCEDURAL HISTORY

A grand jury indicted Movant on October 7, 2003, and charged him with possession with intent to distribute and distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). A superseding indictment was filed on August 4, 2004, charging Movant with conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); and possession with intent to distribute and distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 2).

On September 27, 2004, Movant pleaded guilty to Count 2 of the superseding indictment. The plea agreement executed by Movant provided that Movant would cooperate with and provide truthful information to the government. ECF No. 44, ¶ 4. Movant agreed to submit to polygraph examinations as required by the government. Id. ¶ 5. Movant and the government agreed that, in the event Movant complied with all the provisions of the plea agreement, the appropriate disposition of his case was a sentence of between 108 months and 135 months, followed by a term of supervised release. Id. ¶ 7.

A presentence report was prepared by the United States Probation Office (USPO). The USPO attributed to Movant 1.5 kilograms of cocaine base, for a total offense level of 38. Movant's criminal history category was III. However, Movant was determined to have predicate drug offenses in 1994 and 1999, and an escape conviction in 1999, that qualified as predicate offenses for purposes of career offender status. See U.S.S.G. § 4B1.1. Therefore, Movant's criminal history category became VI.[1] Movant's range under the United States Sentencing Guidelines was 360 years to life imprisonment. The presentence report also reported that Movant had been shot in 2003 and as a result is blind in his left eye and confined to a wheelchair.

Movant appeared before the court for sentencing on December 28, 2004. The government informed the court that Movant refused to cooperate and refused to undergo a polygraph examination, in violation of the provisions of the plea agreement. Transcript of Sentencing Hearing, ECF No. 61, 3-4. According to the government, Movant talked with government agents, but was not completely truthful. Id. at 7. The court determined that because Movant had not complied with

---

[1] Movant's base offense level of 38 was greater than the offense level for a career offender set forth in U.S.S.G. § 4B1.1(b), so remained at level 38.

2

the terms of the plea agreement, he was not entitled to the benefit of the stipulation regarding his sentence as set forth in paragraph 7. Id. at 6. The court reduced the drug weights attributable to Movant from 1.5 kilograms to 72.8 grams of cocaine base, which yielded a base offense level of 32; however, because Movant is a career offender, his total offense level became 37 under U.S.S.G. § 4B1.1. See ECF No. 61, 8. Movant's final sentencing guidelines range was 360 months to life in prison. Movant was sentenced to 360 months incarceration. Judgment was entered on December 30, 2004. An amended judgment was entered on January 10, 2005 to include the court's recommendation that the Bureau of Prisons designate a facility as close as possible to Miami, Florida to treat his medical condition.[2] Movant timely filed an appeal, asserting that the court erred in refusing to allow him to withdraw his guilty plea after the court rejected the sentencing range stipulated to by the parties in the plea agreement. The Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence on May 10, 2007. See United States v. Hallman, 226 F. App'x 261 (4th Cir. 2007).

Movant filed a § 2255 motion on May 9, 2008, contending that he had received ineffective assistance of counsel. Specifically, Movant contended that (1) trial counsel should have investigated and sought reduction of Movant's sentence under U.S.S.G. § 5H1.4; (2) trial counsel failed to inform him of the full cooperation required by the plea agreement and failed to effectively represent him prior to and during any polygraph examination; (3) and trial counsel failed to challenge the use of Movant's prior misdemeanor and petty offenses to score his criminal history category. ECF No. 80, 4-7. The government filed a response in opposition and motion for summary judgment on July 28, 2008. The court issued an order granting the government's motion for summary judgment and

---

[2] A second amended judgment was filed on January 13, 2005 to correct a scrivener's error.

denying the § 2255 motion on July 21, 2009.

Movant's current § 2255 motion sets forth the following grounds for relief:

GROUND ONE: The government failed to give [Movant] adequate notice of enhancement in seeking 21 U.S.C. § 851. The government never afforded [Movant] notice that they intended to seek career enhancement for charges that they [reneged] upon plea agreement and went right to sentence imposi[]tion. Without affording timely notice to object to predicate felony or to explain the Blakely issues that I might have.

GROUND TWO: Ineffective counsel. Failure to withdraw or at[t]empt to withdraw plea after ruling that the plea agreement had been broken. Failur[e] to file an appeal after being asked to do so. Used trickery and dec[e]it to give up my Blakely issues so they could sentence me to enhanced time, of life imprisonment.

GROUND THREE: That prior felonies relied upon by Government were not in fact qualifying felonies punishable by over three hundred and sixty five days or more imprisonment. That one of these felonies used I was sentenced to twenty six days. Yet they used this as a predicate felony. I was sentenced to twenty six days and they used this as a predicate felony. That this sentence was not and should not be used to enhance sentence and prosecution knew about this false enhancement.

GROUND FOUR: That I am factually and actually innocent of being a career offender. I do not have the qualifying convictions to be considered a career offender, by def[i]nition or actual[]ity.

ECF No. 113, 7-12.

## II. DISCUSSION

The government contends, among other things, that Movant's § 2255 motion filed on November 12, 2013, should be dismissed as a successive motion for which Movant has not obtained authorization from the Fourth Circuit. The court agrees.

Pursuant to 28 U.S.C. § 2255(h),

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as

4

a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The court is without jurisdiction to consider Movant's current § 2255 motion. See United States v. Winestock, 340 F.3d 200, 205-07 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)).

Movant contends that the court must review his current § 2255 motion because he is "actually innocent" of being a career offender. In McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013), the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations." However, McQuiggin applies only when a defendant can demonstrate actual innocence of his crime of conviction. McQuiggin does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction. United States v. Jones, 758 F.3d 579, 586 (4th Cir. 2014).

### III.  CONCLUSION

For the reasons stated, the government's motion to dismiss is **granted**. Movant's § 2255 motion is dismissed, without prejudice, to allow him to see authorization from the Fourth Circuit to file a successive § 2255 motion.

### IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                    /s/ Margaret B. Seymour
                                    Senior United States District Judge

Columbia, South Carolina

March 27, 2015

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

6